UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

   v.

TERRELL STEVENS,

     Defendant.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/12/21_____

16-CR-311 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

  Pending before the Court are two submissions by Defendant Terrell Stevens. First, on March 10, 2021, Stevens moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), requesting also that the Court appoint counsel to assist with the motion. (ECF No. 465 (the "March 10 Motion").) Second, on March 19, 2021, Stevens filed a document captioned "Affidavit of Truth / Due Process Violation / Breach of Plea." (ECF No. 468 (the "March 19 Submission").) The March 19 Submission contains several arguments that typically would be made in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255 (a "Section 2255 petition"). The March 19 Submission also requests appointment of counsel.

  The Government filed a single opposition. (ECF No. 471.) The Government does not oppose the appointment of counsel, but it opposes the substance of both the March 10 Motion and the March 19 Submission. In addition, the Government argues that the March 19 Submission, if construed as a Section 2255 petition, would be a "second or successive" petition, the filing of which must first be authorized by the Court of Appeals for the Second Circuit.

  The Court agrees with the Government with respect to the March 10 Motion, but not the March 19 Submission. For the reasons set forth below, the March 10 Motion, including the request for appointment of counsel, is DENIED. The March 19 Submission will be construed

as a first Section 2255 petition.  Stevens will be given an opportunity either to withdraw the March 19 Submission, or to proceed and to explain why a Section 2255 petition would not be time-barred.  Counsel will be appointed for the purpose of assisting Stevens with respect to these next steps concerning the March 19 Submission.

## BACKGROUND

On April 11, 2016, Stevens was arrested in connection with his involvement with a group that referred to itself as "YNR," and which sold large quantities of crack cocaine and heroin to individual customers in the Bronx.  (Gov't Opp'n at 2.)  On November 18, 2016, Stevens pleaded guilty to one count of conspiring to distribute and possess with the intent to distribute cocaine base and heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  (*Id.*)  Pursuant to a plea agreement, however, Stevens was permitted to plead to the lesser included offense set forth in 21 U.S.C. § 841(b)(1)(B).  (*Id.*)  In addition, Stevens pleaded guilty to one count of possession of a firearm during and in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §§ 924(c)(1)(A)(i) and 2.  (*Id.*)

On November 22, 2016, the Court accepted Stevens's plea.  (ECF No. 107; *see also* Plea Tr., ECF No. 105, Ex 1.)  On November 27, 2017, Stevens was sentenced to a total of 148 months' imprisonment.  (Gov't Opp'n at 3.)  Judgment was entered on November 30, 2017. (ECF No. 285.)  Stevens did not appeal his conviction or sentence.  (Gov't Opp'n at 3.)  His plea agreement included a waiver of any appeal or collateral attack of a sentence below 168 months' imprisonment.  (*Id.*)

On July 16, 2018, Stevens filed a motion for resentencing "in accordance with the *Dimaya* ruling," referring to the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  (*See* ECF No. 366, Ex. 1.)  On August 28, 2018, the Court denied the motion,

because *Dimaya* did not apply to Stevens's conviction. (ECF No. 371.)

More than two years later, on March 10, 2021, Stevens moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On March 19, 2021, Stevens filed an additional document, entitled "Affidavit of Truth / Due Process Violation / Breach of Plea." Both submissions include a request for appointment of counsel. On March 25, the Government filed a joint opposition to both submissions; it did not oppose the appointment of counsel.

## DISCUSSION

### I.     March 10, 2021 Motion

Because Stevens is proceeding *pro se*, the Court construes his motion liberally. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'"). Even by this standard, however, the March 10 Motion lacks merit; the Court denies Stevens's request for appointment of counsel.

#### A.     Request for Sentence Reduction

Stevens seeks relief pursuant to 18 U.S.C. § 3582(c)(2), which provides that a court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The March 10 Motion is based on Amendment 782 to the U.S. Sentencing Guidelines Manual (the "Sentencing Guidelines"). (Mar. 10 Mot. at 1.) Amendment 782 modified Section 2D1.1 of the Sentencing Guidelines, lowering the recommended sentencing range for certain categories of drug trafficking offenses. *See* United States Sentencing Commission,

3

Amendment 782 (effective Nov. 1, 2014), *available at*

https://www.ussc.gov/guidelines/amendment/782.

Amendment 782, however, has been in effect since November 1, 2014—more than three years before Stevens was sentenced. Stevens's Sentencing Guidelines calculation took Amendment 782 into consideration. (Gov't Opp'n at 3; PSR ¶¶ 14, 43-44; Sent. Tr. at 13, ECF No. 294.) Stevens's request simply is not "based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added); *see Martinez-Castillo v. United States*, 2019 WL 3451129, at *2 (S.D.N.Y. July 30, 2019) (Román, J.) ("Because Amendment 782 had already been in effect and was considered by the Court during sentencing, 18 U.S.C. § 3582(c)(2) is inapplicable.").

Because Stevens was sentenced in accordance with the provisions of Amendment 782, Section 3582(c)(2) is inapplicable, and Stevens's request for a sentence reduction is denied.

### B. Request for Appointment of Counsel

Stevens also requests that the Court appoint counsel to assist in preparing his motion for a sentence reduction. (Mar. 10 Mot. at 1.) The lack of merit in the March 10 Motion, however, weighs heavily against granting Stevens's request.

The Criminal Justice Act allows courts to appoint counsel if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2).[1] The decision to appoint counsel "rest[s] in the discretion of the district court," and "[t]he apparent merits of the motion will no doubt be a significant factor in the exercise of that discretion." *Reddick*, 53 F.3d at 465, 465 n.2 (2d Cir. 1995). The

---

[1] Stevens does not have the right to counsel in connection with either the March 10 Motion or the March 19 Submission. *See United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995).

[2] A petitioner may invoke a court's power to toll the limitations period only in "rare and exceptional circumstances." *Doe v. Menefee,* 391 F.3d 147, 159 (2d Cir. 2004) (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), *cert. denied,* 531 U.S. 840 (2000)), *cert. denied,* 546 U.S. 961 (2005)). Such tolling is available when the petitioner shows that "extraordinary circumstances prevented him from filing his

Second Circuit has further stated that appointment of counsel may be unwarranted where the litigant's chances of success are "extremely slim." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003) (citation omitted). In addition to the apparent merits of the motion, courts must consider the complexity of the relevant legal issues and the movant's ability to investigate and present the case. *Steele v. United States*, 2021 WL 465360, at *1 (S.D.N.Y. Feb. 9, 2021) (Marrero, J.) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)).

As discussed above, Section 3852(c)(2) provides no basis for relief. In addition, the applicability of Amendment 782 to Stevens's sentence does not present complex legal issues, and Stevens has adequately presented his case regarding this issue. *See United States v. Urena*, 2008 WL 4198517, at *2 (S.D.N.Y. Sept. 9, 2008) (Keenan, J.) (noting that numerous *pro se* defendants have "without difficulty" filed motions for sentence reductions pursuant to amendments to the Sentencing Guidelines). Accordingly, Stevens's request for appointment of counsel is denied.

## II.   March 19, 2021 Submission

The March 19 Submission raises a different set of issues from the March 10 Motion. The Court first addresses how the submission should be construed, and then addresses whether counsel should be appointed in connection with this submission.

### A.   Construction of the March 19 Submission

The March 19 Submission is titled "Affidavit of Truth / Due Process Violation / Breach of Plea." The March 19 Submission is more appropriately construed, however, as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255.

With respect to the substance of the submission, Stevens argues that his counts of conviction are unconstitutional; that the Court did not make appropriate factual findings

5

regarding the quantities of trafficked drugs attributable to Stevens's conduct; that Stevens received ineffective assistance of counsel; that the elements of his offenses of conviction were not explained to him; and that he is actually innocent.   (Mar. 19 Submission at 1-4.)   These arguments attack the integrity of Stevens's conviction and sentence.   Because the time to file a direct appeal has passed, the proper jurisdictional basis for the relief that Stevens seeks is Section 2255.   *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (stating that Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"); *see also Spells v. United States*, 2019 WL 8752225, at *1 (S.D.N.Y. May 8, 2019) (Castel, J.). Accordingly, the Court will construe the March 19 Submission as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255.

The Government argues that any Section 2255 petition should be considered a "second or successive" petition, such that Stevens must obtain authorization from the Court of Appeals for the Second Circuit prior to filing.   (Gov't Opp'n at 1 n.2.)   The Court disagrees.   Although the Government describes the Court's August 28, 2018 order as a ruling on the merits of a Section 2255 petition, the Court's August 2018 order did not construe Stevens's motion for resentencing as a Section 2255 petition.   (*See* Aug. 28, 2018 Order.)

The construction of Stevens's prior motion is consequential.   Because there are strict limitations on the filing of "second or successive" Section 2255 petitions, the Supreme Court has held that district courts are limited in their powers to characterize a submission from a *pro se* defendant as a Section 2255 petition. *See Castro v. United States*, 540 U.S. 375, 383 (2003).   Before characterizing a motion as a Section 2255 petition, a district court must warn a *pro se* litigant of the consequences of such characterization and allow him an opportunity to withdraw or amend his motion. *Id.*   If the court does not do so, the motion "cannot be

6

considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." *Id.*   Accordingly, because the Court did not characterize Stevens's motion for resentencing in 2018 as a Section 2255 petition, the Court construes the March 19 Submission as Stevens's first—not second—Section 2255 petition.

### B.     Opportunity to Withdraw & Order to Show Cause

Because the Court construes the March 19 Submission as Stevens's first Section 2255 petition, two further issues must be addressed.   *See, e.g.*, *Rice v. United States*, 2020 WL 8669817, at *2-3 (S.D.N.Y. Nov. 16, 2020) (Preska J.) (directing parties on how to proceed after characterization of *pro se* filing as a Section 2255 petition).

First, the Court advises Stevens that a defendant generally has only one opportunity, within the one-year limitations period that is provided for in 28 U.S.C. § 2255, to seek a full adjudication of all Section 2255 claims.   *See Castro*, 540 U.S. at 382-83.   If Stevens does *not* wish to pursue relief pursuant to Section 2255, he must notify the Court, in writing, before June 2, 2021, that he wishes to withdraw the March 19 Submission.   If Stevens does not inform the Court that he intends to withdraw his motion, the Court will designate the March 19 Submission as a petition pursuant to Section 2255.

Second, the Court notes that, at this point, a Section 2255 petition would face significant procedural hurdles.   As an initial matter, such a petition appears to be time-barred.   A federal inmate generally must file a Section 2255 petition within one year from the latest of four dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due

diligence. *See* 28 U.S.C. § 2255(f).

In this case, judgment was entered on November 30, 2017. Because Stevens did not file an appeal, his conviction became final on December 14, 2017. *See* Fed. R. App. P. 4(b)(1) (allowing 14 days to file notice of appeal from judgment of conviction); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). The March 19 Submission was made more than three years after Stevens's conviction became final, well after the time bar imposed by Section 2255. It does not—and could not—contend that the one-year period of limitation should run from the second, third, or fourth dates.[2]

In addition, many of Stevens's arguments may be procedurally barred because he did not raise them in a direct appeal. A defendant generally "is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011); *but see Celaj v. United States*, 2021 WL 323303, at *4 (S.D.N.Y. Feb. 1, 2021) (Carter, J.) (citing *Massaro v. United States*, 538 U.S. 500, 509 (2003)) (noting that ineffective assistance of counsel claims may be raised in a Section 2255 petition whether or not they could have been raised on direct appeal). An exception applies if the defendant establishes either 1) cause for the procedural default and ensuing prejudice, or 2) actual innocence. *Thorn*, 659 F.3d at 231 (citing *Bousley v. United States,* 523 U.S. 614, 622 (1998)). Failing to raise an issue on appeal due to an appeal waiver in a plea agreement does not satisfy the cause requirement. *Trujillo v. United States*, 1993 WL 227701, at *3 (S.D.N.Y.

---

[2] A petitioner may invoke a court's power to toll the limitations period only in "rare and exceptional circumstances." *Doe v. Menefee,* 391 F.3d 147, 159 (2d Cir. 2004) (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), *cert. denied,* 531 U.S. 840 (2000)), *cert. denied,* 546 U.S. 961 (2005)). Such tolling is available when the petitioner shows that "extraordinary circumstances prevented him from filing his petition on time." *Smith,* 208 F.3d at 17. The petitioner also must demonstrate that he "acted with reasonable diligence throughout the period he seeks to toll." *Id.*

8

June 21, 1993) (Leisure, J.).

In light of the above, if Stevens *does* wish to pursue relief pursuant to Section 2255, he is directed to show cause, before June 2, 2021, why the petition should not be denied as time-barred. Stevens should allege any facts that show that he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely submitting the petition. In addition, if Stevens wishes to pursue relief pursuant to Section 2255, he must explain why his claims are not procedurally barred in light of his failure to raise them on direct appeal.

### C. Appointment of Counsel

Stevens reiterates that he "seeks the benefit of Amendment 782 with a competent counsel who is not ineffective assisting petitions on *such matters of several violations*." (Mar. 19 Submission at 2 (emphasis added).) Construing this request liberally, the Court understands Stevens to be requesting appointment of counsel with respect to the March 19 Submission, rather than exclusively with respect to his March 10 Motion for a sentence reduction.

As discussed above, the March 19 Submission appears to be time-barred and thus to lack merit. Nevertheless, the characterization of the March 19 Submission as a Section 2255 petition raises procedural complexities, such that Stevens's ability to present his case and to comply with the terms of this Opinion would be improved with the aid of counsel.

Accordingly, the Court will appoint CJA counsel on duty today, Lance A. Clarke, to represent Stevens in connection with the March 19 Submission, and to advise and assist Stevens in complying with the directives set forth this Opinion.

### CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The March 10 Motion is DENIED in all respects. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 465.

2. The March 19 Submission is construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. Before June 2, 2021, Stevens must either (i) notify the Court, in writing, that he wishes to withdraw the March 19 Submission; or (ii) if Stevens chooses not to withdraw the March 19 Submission, he must file a declaration showing cause why a Section 2255 petition should not be denied as time-barred.

3. CJA counsel on duty, Lance A. Clarke, is hereby appointed to assist Stevens in connection with the March 19 Submission and to assist Stevens in complying with the terms of this Opinion.

4. Because Stevens has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith. *In forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

5. Because the Government has filed a substantive opposition to the March 19 Submission, no further answer will be required at this time.

6. The Clerk of Court is respectfully directed to mail Stevens a copy of this Opinion.

SO ORDERED.

Dated: New York, New York
April 12, 2021

                                                */s/ Kimba M. Wood*
                                                  KIMBA M. WOOD
                                             United States District Judge