UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

v.

TERRELL STEVENS,

                        Defendant.

-------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____7/19/21_____
```

16-CR-311 (KMW)

**ORDER**

       On March 10, 2021, Defendant Terrell Stevens ("Stevens") moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), requesting also that the Court appoint counsel to assist with the motion.   (ECF No. 465 (the "March 10 Motion").)   On March 19, 2021, Stevens filed a document captioned "Affidavit of Truth / Due Process Violation / Breach of Plea."   (ECF No. 468 (the "March 19 Submission").)   The March 19 Submission contained several arguments that typically would be made in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255 (a "Section 2255 petition").   The March 19 Submission also requested appointment of counsel.

       On April 12, 2021, the Court denied the March 10 Motion in all respects.   (*See* Apr. 12, 2021 Op. at 3-5, ECF No. 473.)   With respect to the March 19 Submission, the Court construed the filing as a first Section 2255 petition.   (*See id.* at 6-7.)   The Court appointed CJA counsel, Lance A. Clarke ("Clarke"), to represent Stevens in connection with the March 19 Submission, and to advise and assist Stevens in complying with the directives set forth in the April 12 Opinion.   (*See id.* at 9.)   Specifically, the Court noted that the March 19 Submission was made more than three years after Stevens's conviction became final and, furthermore, that many of Stevens's arguments may be procedurally barred because he did not raise them in a direct appeal.

(*See id.* at 8.)   Accordingly, the Court gave Stevens an opportunity to withdraw the March 19

Submission or, if he wished to proceed, Stevens was ordered to show cause by June 2, 2021, why

his claims are not barred.   (*See id.* at 7-9.)

Stevens has not demonstrated why his claims are not barred.   Instead, since the Court

issued the April 12 Opinion, Stevens has made three additional submissions.   (ECF Nos. 479,

488, 489.)   Among other things, Stevens has expressed that he wishes new counsel to be

appointed.   (*See* ECF No. 488 at 1; ECF No. 489 at 2.[1])   In addition, on June 11, 2021, Clarke

moved to withdraw as counsel, explaining that he and Stevens "have a difference of opinion of

the case law regarding whether [Stevens's] Section 2255 petition should be denied as time

barred" and that "[t]his difference of opinion has resulted in an inability to effectively advise

[Stevens]."   (Let. Mot. at 1, ECF No. 482.)

Based on the submissions of both Stevens and Clarke, the Court finds that there is an

irreconcilable conflict between client and counsel.   Accordingly, the motion to withdraw is

GRANTED.   CJA counsel on duty today, Benjamin Zeman, will be appointed to advise Stevens

in connection with the March 19, 2021 Submission.   Stevens is ordered to show cause, by

August 20, 2021, why his claims are not barred.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Lance A. Clarke's motion to withdraw is GRANTED.   The Clerk of Court is respectfully

   directed to terminate the motion at ECF No. 482.

---

[1] The Court notes that Stevens's June 29, 2021 submission is unclear with respect to whether he wishes to proceed *pro se* or with appointed counsel.   Stevens states that he "wish[es] to proceed *pro se* but would like competent counsel."   (ECF No. 488 at 1.)   Construing this request liberally, the Court understands Stevens to be requesting new counsel.   *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).

2.  Stevens's March 19, 2021 submission is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.   (*See* Apr. 12, 2021 Op. at 6-7).   The Clerk of Court is respectfully directed to designate the March 19, 2021 submission (ECF No. 468) as a case brought pursuant to 28 U.S.C. § 2255.

3.  CJA counsel on duty today, Benjamin Zeman, is hereby appointed to advise Stevens with respect to the March 19, 2021 Submission, the Court's April 12, 2021 Opinion, and Stevens's recent submissions to the Court.

4.  Stevens is ordered to show cause, before August 20, 2021, why the claims set forth in the March 19, 2021 Submission should not be denied as barred.

5.  Because Stevens has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

6.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith.  *In forma pauperis* status is therefore denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

7.  The Government has already filed a substantive opposition to the March 19 Submission. (ECF No. 471.)   No further answer will be required at this time.

8.  The Clerk of Court is directed to mail Stevens a copy of this Order.


SO ORDERED.

Dated: New York, New York
          July 19, 2021

_____*/s/ Kimba M. Wood*_____
              KIMBA M. WOOD
           United States District Judge